UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>         Plaintiff,<br><br>     v.<br><br>McGEFFEN, et al.,<br><br>         Defendants. | No. 2:20-cv-1422-KJM-EFB P |
| CYMEYON HILL,<br><br>         Plaintiff,<br><br>     v.<br><br>CDCR, et al.,<br><br>         Defendants. | No. 2:20-cv-1425-KJM-EFB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in these two related actions brought pursuant to 42 U.S.C. § 1983, has filed applications to proceed in forma pauperis. ECF Nos. 2, 4.[1]

I.   Background and Consolidation of Actions

Plaintiff filed these two actions on the same day. Both concern an incident on April 20, 2019, when plaintiff allegedly told defendant Dr. McGeffen that he wanted to commit suicide.

/////

---

[1] These proceedings were referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

According to the complaint in Case No. 20-cv-1422, McGeffen refused to put plaintiff under medical supervision, kept plaintiff in a holding cage, and "cleared plaintiff" (presumably to be released to his normal housing). Defendant Blanco, a mental health triage staff person, then authorized "AOD" to have plaintiff remain in the holding cage all night in order to punish plaintiff. Plaintiff allegedly was left in the holding cage for 21 hours, in restraints, with no medical supervision. While the body of the complaint contains no factual allegations showing what defendants Lujan and Freriks did, attachments to the complaint reveal that these individuals were the officers in charge of supervising the holding cage in which plaintiff was kept and that they kept him in the cage at the direction of Blanco. Plaintiff suffered injuries, including some physical injuries caused by the leg and wrist restraints that were placed on plaintiff in the holding cage. Plaintiff alleges that defendants McGeffen, Blanco, Lujan, and Freriks were deliberately indifferent to his serious medical needs and subjected him to cruel conditions of confinement in violation of the Eighth Amendment.

Case No. 20-cv-1425 concerns the same facts, but plaintiff asserts his Eighth Amendment claim against different defendants – the California Department of Corrections ("CDCR") Department of State Hospitals, CDCR Healthcare Services, CDCR Departmental Review Board, and California State Prison, Sacramento ("CSP-Sac"). It's not clear why plaintiff filed his claims in two separate actions; perhaps he thought he could not sue the agency defendants and individual defendants in the same case. As the cases clearly concern "common questions of law or fact," the court orders that the two cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a) under Case No. 20-cv-1422-KJM-EFB.

II.     Request to Proceed In Forma Pauperis

Because the court is ordering the actions consolidated under Case No. 20-cv-1422-KJM-EFB, plaintiff's motion to proceed in forma pauperis in Case No. 20-cv-1425 is unnecessary and will be denied as moot. Plaintiff's application in Case No. 20-cv-1422 makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### III. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

IV. <u>Analysis</u>

Liberally construed, and for the limited purposes of screening under § 1915A, plaintiff has stated potentially cognizable Eighth Amendment claims against defendants McGeffen, Blanco, Lujan, and Freriks.

Plaintiff has not stated a cognizable claim against the CDCR defendants or CSP-Sac. Section 1983 provides a cause of action against "[e]very person who, under color of [state law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution" or other federal law. States and state agencies are not "persons" within the meaning of the statute and are entitled to immunity under the 11th Amendment. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991) (citing *Will v. Dep't of State Police*, 491 U.S. 58 (1989) and *Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274 (1977)). Accordingly, plaintiff's constitutional claims against various divisions of CDCR and CSP-Sac fail. *Id., Allison v. Cal. Adult. Auth.*, 419 F.2d 822, 823 (9th Cir. 1969); *Thompson v. City of Honolulu*, No. 17-00002 JMS/KSC, 2017 U.S. Dist. LEXIS 7110, at *7 (D. Haw. Jan 18, 2017).

Plaintiff may choose to proceed only with his deliberate indifference claims against defendants McGeffen, Blanco, Lujan, and Freriks. Alternatively, he may choose to amend his complaint again to state (if he can) a cognizable claim against the other defendants.

He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely to his federal allegations that "the form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

/////

4

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

V.  **Order**

Accordingly, it is ORDERED that:

1. Case Nos. 2:20-cv-1422-KJM-EFB and 2:20-cv-1425-KJM-EFB are hereby CONSOLIDATED pursuant to Fed. R. Civ. P. 42.
2. Case No. 2:20-cv-1422-KJM-EFB is designated as the "master file."
3. The Clerk is directed to administratively close and terminate any pending motions in Case No. 2:20-cv-1425-KJM-EFB.
4. The parties are directed to file all future pleadings ONLY in Case No: 2:20-cv-1422-KJM-EFB.
5. Plaintiff's motion to proceed in forma pauperis in Case No. 2:20-cv-1422-KJM-EFB (ECF No. 2) is granted.

5

6. Plaintiff's complaint alleges, for screening purposes, viable Eighth Amendment claims against defendants McGeffen, Blanco, Lujan, and Freriks.

7. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

8. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time;

9. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: September 29, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYMEYON HILL,<br><br>              Plaintiff,<br><br>     v.<br><br>McGEFFEN, et al.,<br><br>              Defendants. | No. 2:20-cv-1422-KJM-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with Eighth Amendment claims against defendants McGeffen, Blanco, Lujan, and Freriks;

OR

(2) _____   delay serving any defendant and file an amended complaint.

_____
                                                                                           Plaintiff

Dated:

7